UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Geraldine Spencer

   v.                                           Civil No. 06-cv-085-SM

State of New Hampshire

**O R D E R**

Before the Court is Geraldine Spencer's *pro se* and *in forma pauperis* complaint (document no. 1) brought pursuant to 42 U.S.C. § 1983. Spencer alleges that the defendants,[1] employees of the New Hampshire Department of Corrections ("NHDC") have violated her constitutional rights to due process and adequate medical care, vision care, and mental health care. She further alleges that the defendants have conspired to retaliate against her for a previous lawsuit she filed against employees of the NHDC. The matter is before this Court for preliminary review to determine, among other things, whether the complaint states any claim upon

---

[1] Spencer has not named any individual defendants to her action at this time. The narrative of her complaint names correctional officers she claims engaged in retaliatory acts against her, and she refers generally in her complaint to constitutional violations committed by members of the medical staff at the New Hampshire State Prison for Women.

which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). Because I find that it does not demonstrate that Spencer has administratively exhausted her claims prior to this action, the complaint does not at this time state any claim upon which relief might be granted.  Accordingly, I order Spencer to amend her complaint to demonstrate whether and to what extent she has exhausted each of the claims raised in this action and to name defendants to this action.

## Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes *pro se* pleadings liberally. See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

To the extent that plaintiff seeks redress for alleged violations of her constitutional rights by any individual state agency or employee, she attempts to state a claim under 42 U.S.C. § 1983, which creates a cause of action against those who, acting under color of state law, deprive individuals of "any rights, privileges or immunities secured by the Constitution and laws" of the United States.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).

An action brought pursuant to § 1983 alleging a violation of constitutional rights based on prison conditions must be exhausted through a prison's administrative grievance procedures prior to the filing of the action:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes."  See Porter v. Nussle, 534 U.S. 516, 532 (2002).

The adequacy of the prison grievance procedures available to an inmate to address her specific claims is not relevant to the question of exhaustion.  Exhaustion through prison administrative grievance procedures is required even if some or all of the relief desired by the inmate is not available through that process.  Booth v. Churner, 532 U.S. 731, 734 (2001).  "There is no 'futility exception' to the . . . exhaustion requirement." Medina-Claudio v. Rodgriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002).

If any grievance procedures exist at the defendant institution, the plaintiff must utilize them before filing an action in this court, regardless of the ability of that process to provide the relief she seeks.  Acosta v. U.S. Marshals Serv., ___ F.3d ___, 2006 WL 1008047 *4 (1st Cir. 2006) (citing Medina-Claudio, 292 F.3d at 36 for the proposition that § 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of suit will not suffice."); see also Dullen v.

Cheshire County, Civ. No. 05-cv-139-PB; 2006 WL 995131 *3 (D.N.H. Apr. 14, 2006), 2006 DNH 44 *3.

Spencer initially filed her complaint on March 3, 2006.[2] Her complaint alleges claims dating back at least to 2003 and continuing until the time of her filing this action.  Spencer's complaint makes no mention of any effort at pursuing the administrative grievance procedures available at the New Hampshire State Prison for Women or the NHDC.  It is not clear on the face of the complaint, therefore, that plaintiff has made any attempt to exhaust the claims raised in the complaint through administrative grievance procedures available to her prior to filing suit.  However, the complaint does not exclude the possibility that Spencer may have exhausted some or all of the claims raised.

Because it is not clear on the face of the complaint whether or not plaintiff exhausted the administrative grievance procedures available for any of the claims raised therein prior to filing suit, I direct plaintiff to amend her complaint within thirty days of the date of this Order to demonstrate, with

---

[2]Spencer filed an addendum to her complaint on March 15, 2006 (document no. 5).  I will consider both the March 3 complaint and the March 15 addendum, in the aggregate, to be the complaint in this matter.

specificity, for each claim raised in the complaint, whether and to what extent that claim has been exhausted through the administrative grievance process.  Further, I direct Spencer to amend her complaint to identify the individual or individuals responsible for violating her constitutional rights for each of the claims she raised in her complaint.  Spencer must name specific individuals and state with particularity what each individual defendant did to violate her constitutional rights. If Spencer is not in possession of the names of medical care providers at the New Hampshire State Prison for Women, she is entitled to receive a copy of her medical records, which should contain the names of the medical personnel responsible for her care and treatment.

   If plaintiff cannot demonstrate exhaustion for any or all of the claims raised, I will recommend to the District Judge that any claim not exhausted be dismissed without prejudice to refiling after those claims are properly exhausted. <u>See</u> 42 U.S.C. § 1997e(c)(1) (requiring the Court to dismiss a prison conditions action *sua sponte* if the Court is satisfied that the

plaintiff has failed to state a claim upon which relief might be granted);[3] LR 4.3(d)(2)(A).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:    May 10, 2006

cc:      Geraldine Spencer, pro se

---

[3] At least one federal appeals court has found that the failure to allege exhaustion in the complaint does not constitute failure to state a claim, as the prisoner bears no obligation to plead exhaustion. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005). The <u>Anderson</u> Court held, however, that a reviewing court may raise the exhaustion issue *sua sponte* where, the plaintiff inmate is given a chance to respond prior to the case being dismissed. <u>Id.</u> at 682-83.