**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Geraldine Spencer

      v.                                    Civil No. 06-cv-085-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Before the Court is Geraldine Spencer's *pro se* and *in forma pauperis* complaint (document no. 1) brought pursuant to 42 U.S.C. § 1983.  Spencer alleges that the defendants, employees of the New Hampshire Department of Corrections ("NHDC") have violated her constitutional rights to due process and adequate medical care, vision care, and mental health care.  She further alleges that the defendants have conspired to retaliate against her for a previous lawsuit she filed against employees of the NHDC.  The matter initially came before this Court for preliminary review to determine, among other things, whether the complaint stated any claim upon which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

Upon my initial review of the file, I determined that the complaint did not demonstrate that Spencer had administratively exhausted her claims through the NHDC's grievance process prior to bringing this action, and that accordingly, the complaint did not at that time state any claim upon which relief might be granted.  On May 10, 2006, I issued an Order directing Spencer to amend her complaint to demonstrate whether and to what extent she had exhausted each of the claims raised in this action prior to filing her complaint, and to name individual defendants to this action within thirty days of the date of the Order.

On May 19, 2006, we received the Order back from the New Hampshire State Prison for Women (NHSPW), where Spencer had been incarcerated, with the notation that Spencer had been released. The NHSPW provided the Clerk's Office with an alternative address in Nashua, New Hampshire.  On May 19, 2006, the Order was resent to the Nashua address and not returned.  No further correspondence or pleadings were received from Spencer until July 19, 2006, when Spencer wrote to the Court advising that she had not heard any response regarding her complaint.  She provided the NHSPW as her return address.

On July 25, 2006, Chief Deputy Clerk Daniel Lynch wrote to Spencer at the NHSPW and advised her of the Court's May 10, 2006 Order, and the efforts that had been made to send her a copy of that Order.  The letter suggested to Spencer that her immediate attention to this Court's May 10, 2006 Order was required if she intended to pursue the matter.  Chief Deputy Clerk Lynch enclosed another copy of this Court's May 10, 2006 Order with his letter. As of this date, no additional pleadings have been filed.  The July 25, 2006 letter to Spencer at the NHSPW has not been returned and no additional correspondence or pleadings from Spencer have been filed.

Because Spencer has failed to file any pleading demonstrating that she exhausted the administrative grievance procedures available to her prior to filing this action, I recommend that the complaint be dismissed without prejudice to refiling after her claims are properly exhausted.  See 42 U.S.C. § 1997e(c)(1) (requiring the Court to dismiss a prison conditions action sua sponte if the Court is satisfied that the plaintiff

has failed to state a claim upon which relief might be granted);[1] LR 4.3(d)(2)(A).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:  October 3, 2006

cc:    Geraldine Spencer, *pro se*

---

[1]At least one federal appeals court has found that the failure to allege exhaustion in the complaint does not constitute failure to state a claim, as the prisoner bears no obligation to plead exhaustion. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).  The Anderson Court held, however, that a reviewing court may raise the exhaustion issue *sua sponte* where, the plaintiff inmate is given a chance to respond prior to the case being dismissed.  Id. at 682–83.